[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11111

Non-Argument Calendar

_____

JULIE REGINA,

Plaintiff-Appellant,

versus

THE WEISS GIFTED AND TALENTED SCHOOL, INC.,
d.b.a. The Weiss School,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:19-cv-80913-RKA

_____

Before WILSON, LUCK, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Julie Regina, through counsel, appeals the district court's grant of summary judgment in favor of Plaintiff's former employer, The Weiss Gifted and Talented School, Inc. ("the School"). Plaintiff asserts against the School claims for age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1) ("ADEA"), and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10(1)(a) ("FCRA").[1] No reversible error has been shown; we affirm.

Plaintiff began working as a teacher for the School in 2004. During her tenure at the School, Plaintiff assumed more responsibility and worked in a variety of roles. Plaintiff was promoted to Assistant Head of School in 2013.

The School is a private, non-profit school accredited by the Florida Council of Independent Schools ("FCIS"). As part of FCIS's routine reaccreditation process, FCIS performed a "comprehensive review and evaluation" of the School in September 2015. Following this evaluation, FCIS issued a report noting concerns about the

_____

[1] We examine age-discrimination claims made under both the ADEA and the FCRA using the same legal framework. *See Mazzeo v. Color Resolutions Int'l, LLC*, 746 F.3d 1264, 1266 (11th Cir. 2014). Our analysis of Plaintiff's ADEA claim applies equally to Plaintiff's FCRA claim. *See id.*

School's asset-to-liability ratio: a ratio that fell below FCIS standards. The report advised that the School "must work to bring its asset-to-liability ratio into compliance with" the pertinent FCIS standard.

Shortly after the FCIS issued its report, the School's then-Head of School announced her resignation. The School hired Dr. Ferguson as the new Head of School. Dr. Ferguson assumed day-to-day control of the School in March 2016. In a sworn declaration, Dr. Ferguson said her "top priority" upon being hired "was to increase the asset to liability ratio for the school to meet accrediting standards."

As Head of School, Dr. Ferguson had sole authority to make hiring and firing decisions. Shortly after taking over as Head of School, Dr. Ferguson implemented several staffing changes. Among those changes, Dr. Ferguson notified Plaintiff in May 2016 that Plaintiff's employment contract would not be renewed for the following school year. Plaintiff was then 56 years' old.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). After receiving a right-to-sue notice from the EEOC, Plaintiff filed this age-discrimination employment action against the School. The district court granted summary judgment in favor of the School. This appeal followed.

We review *de novo* the district court's grant of summary judgment, viewing the record and drawing all factual inferences in

the light most favorable to the non-moving party.  *See Mazzeo v. Color Resolutions Int'l, LLC*, 746 F.3d 1264, 1266 (11th Cir. 2014). Summary judgment is appropriate if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

The ADEA prohibits private employers from firing an employee who is at least 40 years of age "because of" the employee's age.  *See* 29 U.S.C. §§ 623(a)(1), 631(a).  To prevail on a disparate-treatment claim under the ADEA, "a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision."  *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009).

We ordinarily evaluate ADEA claims based on circumstantial evidence -- like the claims involved in this case -- under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[2]  *See Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000) (*en banc*).

Under the *McDonnell Douglas* framework, the plaintiff first must establish a *prima facie* case of age discrimination.  *Id.*  Once a plaintiff establishes a *prima facie* case, the burden shifts to the

---

[2] A plaintiff can also survive summary judgment on an ADEA claim "if the record, viewed in a light most favorable to the plaintiff, presents a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decision maker."  *See Simms v. MVM, Inc.*, 704 F.3d 1327, 1333 (11th Cir. 2013).  Plaintiff has presented no argument under a convincing-mosaic theory; we need not address that theory on appeal.

employer to "articulate a legitimate, nondiscriminatory reason for the challenged employment action." *Id.* If the employer does so, the plaintiff must demonstrate that the employer's proffered reason is a pretext for discrimination. *Id.*

To establish pretext, the plaintiff must show "*both* that the reason was false, *and* that discrimination was the real reason." *See Brooks v. Cty. Comm'n of Jefferson Cty., Ala.*, 446 F.3d 1160, 1163 (11th Cir. 2006) (emphasis in original). A plaintiff may show falsity by identifying "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the proffered explanation." *Id.* (quotations omitted). "Provided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head-on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." *Chapman*, 229 F.3d at 1030.

The parties disagree about what elements Plaintiff must show to establish a *prima facie* case. Plaintiff contends she can prove a *prima facie* case under the standard "discriminatory-discharge" test. On the other hand, the School asserts that -- because Plaintiff's position was eliminated -- Plaintiff must satisfy a modified version of the *prima facie* test applicable to reduction-in-force cases.[3] We need not resolve this dispute today as the outcome of this appeal is the same under either analysis.

---

[3] Under the discriminatory-discharge theory, a plaintiff establishes a *prima facie* case by showing that she (1) was a member of the protected age group;

If we assume -- without deciding -- that Plaintiff established a *prima facie* case of age discrimination (under either theory), the School presented a legitimate, nondiscriminatory reason for terminating Plaintiff's employment: to improve the School's financial position. Dr. Ferguson said her chief goal as the new Head of School was to bring the school's asset-to-liability ratio into compliance with FCIS standards. In furtherance of that goal, Dr. Ferguson said she assessed the School's existing teaching and administrative staff, made adjustments to ensure that each employee was fully scheduled, and determined whether there were job responsibilities that she could "absorb." Based on this assessment, Dr. Ferguson determined that some positions -- including Plaintiff's position -- could be eliminated.

Because addressing the School's budgetary concerns -- and bringing the school into compliance with FCIS accreditation standards -- are reasons that would motivate a reasonable employer, Plaintiff must rebut the School's proffered reason head-on. *See Chapman*, 229 F.3d at 1030. But Plaintiff failed to do so.

---

(2) was subjected to an adverse employment act; (3) was qualified to do the job; and (4) was replaced by a "substantially younger person." *See Mazzeo*, 746 F.3d at 1270. To prove a *prima facie* case under a reduction-in-force analysis, a plaintiff must show these things: (1) she belonged to a protected group; (2) she was qualified for the job; and (3) "sufficient evidence from which a reasonable jury could find that the employer intended to discriminate on the basis of age through its employment decision." *See id.* at 1270-71.

21-11111                Opinion of the Court                7

Plaintiff does not dispute that the School was experiencing financial difficulty. Nor does Plaintiff dispute that the School needed to reduce its asset-to-liability ratio to comply with FCIS's accreditation standards.

Plaintiff, instead, argues that the School's proffered reason was a pretext for discrimination because alternative ways existed to reduce the School's expenditures without terminating Plaintiff's employment. Plaintiff also contends that Dr. Ferguson's efforts to improve the asset-to-liability ratio were unsuccessful.

But Plaintiff cannot establish pretext merely by arguing with the wisdom of Dr. Ferguson's decision to terminate Plaintiff's employment. *See Chapman*, 229 F.3d at 1030. That other -- and maybe even better – ways might have existed to resolve the School's financial situation does not demonstrate pretext. We have said that an "employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." *See id.* And we will not "second-guess the business judgment of employers." *Id.*

Plaintiff has presented no evidence rebutting head-on Dr. Ferguson's testimony that Dr. Ferguson believed that terminating Plaintiff's employment would reduce the School's costs and that Plaintiff's job responsibilities could be absorbed effectively by others.

Nor has Plaintiff presented evidence showing that her age was the real reason she was fired.  Plaintiff points to a purported conversation between a Board member and the <u>former</u> Head of School during which the Board member expressed her opinion that one of the School's teachers should be replaced by "someone younger and with more energy."  Nothing evidences, however, that Dr. Ferguson -- the sole decisionmaker in this case -- knew about this earlier conversation or had had similar conversations.

Plaintiff has failed to meet her burden to show that the School's proffered reason for terminating her employment was pretextual.  Plaintiff has not established that age discrimination was the "but-for" cause of her adverse employment action; we affirm the district court's grant of summary judgment in favor of the School.[4]

AFFIRMED.

---

[4] Contrary to Plaintiff's assertion on appeal, the district court addressed adequately Plaintiff's failure-to-promote claim.  In its written order, the district court rejected Plaintiff's assertion that she should have been retained as the School's language-arts teacher.  The district court explained expressly that Plaintiff failed to produce evidence sufficient to show either that Dr. Ferguson's stated reasons for making the complained-of hiring decision were false or that Plaintiff's age factored into the hiring decision.